United States District Court
Southern District of Texas
**ENTERED**
September 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRANCE DAVIS, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Case No. 4:22-CV-03042 |
| WANDA ISBELL, VIRGINIA LOVELL, ADRIAN AMONETT and CMHC-UTMB, | § § § § | |
| Defendants. | § | |

## ORDER

At all times relevant to this case, Plaintiff Terrance Davis was an inmate in the Ferguson Unit of the Texas Department of Criminal Justice ("TDCJ"). He filed suit under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs and permitted conditions of confinement that caused Davis to contract a serious illness.

The Defendants have now moved to dismiss, and Davis responded to the motion. Based on the pleadings, the motion, the response, and the applicable law, the defendants' motion is granted I part and denied in part.

### I.   BACKGROUND

Davis was diagnosed with syncope and bradycardia. (Dkt. No. 1 at 3). Bradycardia is a slow heartbeat. https://www.dictionary.com/browse/bradycardia. Syncope is "brief loss of consciousness associated with transient cerebral anemia, as in heart block, sudden lowering of the blood pressure, etc.; fainting." https://www.dictionary.com/browse/syncope. Davis alleges that defendants Wanda

Isbell and Virginia Lovell, both medical professionals at the Ferguson Unit, refused to order him assigned to a lower bunk despite these diagnoses and the accompanying risk that he would fall. (Dkt. No. 1 at 3–4). Davis alleges that he did, in fact, fall from the top bunk. *Id* at 4).

Davis further alleges that he contracted H. Pylori, a bacterial infection, due to food and/or water contaminated with fecal matter at the Ferguson Unit. (*Id.*). He has sued Isbell and Lovell, along with Ferguson Unit Warden Adrian Amonett and the University of Texas Medical Branch ("UTMB"), which contracts with TDCJ to provide medical services to inmates and employs Isbell and Lovell. (*Id.* at 3). He seeks compensatory and punitive damages and injunctive relief. (*Id.* at 4).

## II.    STANDARD OF REVIEW

### A.    RULE 12(B)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "lack of subject matter jurisdiction." When considering a motion to dismiss under Rule 12(b)(1), a court must "accept the complaint's well-pleaded factual allegations as true." *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021). "For a 12(b)(1) motion, the general burden is on the party asserting jurisdiction." *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021). "A district court may dismiss a case under Rule 12(b)(1) based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *In re S. Recycling, L.C.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

2

**B.    RULE 12(B)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than ... 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The defendant, as the moving party, bears the burden of proving that no legally cognizable claim for relief exists. *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2 (S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff. *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). The court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "Dismissal ... is appropriate where the plaintiff fails to allege 'enough facts to state a claim to relief that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

### III. ANALYSIS

Davis contends that the Defendants' actions violated his rights under the Eighth Amendment.

#### A. OFFICIAL CAPACITY CLAIMS

The Defendants note that the complaint does not specify whether Davis is suing them in their individual or official capacities and argue that they are immune from suit for damages in their official capacities. In his response to the motion to dismiss, Davis clarifies that he sues the defendants only in their individual capacities. (Dkt. No. 13 at 1).

#### B. CLAIMS AGAINST UTMB

UTMB provides medical services to TDCJ inmates. Davis sues UTMB for hiring defendants Isbell and Lovell who, Davis contends, refused to address his medical needs. (Dkt. No. 1 at 3). "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).

4

UTMB is part of the University of Texas, a Texas state agency. It is therefore immune from suit under the Eleventh Amendment. Davis's claims against UTMB must therefore be dismissed for lack of subject matter jurisdiction.

### C. DEFENDANT AMONETT

Defendant Adrian Amonett is the Warden of the Ferguson Unit. (*Id.* at 3). Davis alleges that he asked Amonett to help with his effort to get assigned to a lower bunk, but that Amonett responded that it was a matter for medical personnel, and that Davis should file a grievance. (*Id.*).

To prevail on his claim, Davis must demonstrate that Amonett was personally involved in the alleged constitutional violation, or that he committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Amonett is the unit Warden; he is not a medical provider. While Davis alleges that Amonett rebuffed Davis's pleas for help, Davis's allegations show only that Amonett deferred to the decisions of medical professionals and advised Davis to follow established procedures for challenging those decisions. Because Davis alleges no personal involvement by Amonett in the provision of medical care, he fails to state a claim for an Eighth Amendment violation by Amonett.

In addition, it is well established that supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Amonett therefore cannot be liable based on his supervisory position

for the alleged wrongdoing by unit medical staff.  Davis's claims against Amonett must be dismissed.

        **D.**      **DEFENDANTS ISBELL AND LOVELL**

Davis alleges that Isbell and Lovell, both of whom are medical providers, violated his Eighth Amendment rights by refusing to assign him to a lower bunk.  To rise to the level of a constitutional violation, prison officials must exhibit deliberate indifference to a prisoner's serious medical needs.  *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994).  "Deliberate indifference" is more than mere negligence, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835, 114 S.Ct. at 1978. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk.  *Id.* at 829, 836, 114 S.Ct. at 1974, 1978.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Isbell and Lovell argue that Davis's allegations amount to nothing more than a disagreement over the appropriate bunk assignment or, at most, an incorrect diagnosis of Davis's condition.  (Dkt. No. 10 at 8–9).  While Isbell and Lovell accurately state that

6

Eighth Amendment caselaw holds that such disagreements or errors do not rise to the level of a constitutional violation, *see*, *e.g.*, *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013), they unfairly minimize Davis's allegations.

Liberally construing the Complaint and taking the allegations as true, Davis states that he had a diagnosis of syncope and bradycardia. (Dkt. No. 1 at 3). These diagnoses put Davis at risk of falling. He further alleges that Isbell and Lovell who, as medical providers, should have been aware of Davis's diagnoses, refused his requests for a lower bunk and that Davis did, in fact, suffer a fall. The allegations could support a finding that Isbell and Lovell simply ignored Davis's prior diagnoses and/or refused to order appropriate accommodation. At this stage of the proceedings, *i.e.*, on a motion to dismiss, these allegations are sufficient to state a claim for deliberate indifference to Davis's serious medical needs.

### E. CONDITIONS OF CONFINEMENT

The Defendants next argue that Davis fails to state a claim that his alleged infection from contaminated food and water violated the Eighth Amendment. Davis acknowledges that this claim will require additional factual development, states that it is a distinct issue from his bunk assignment claims, and asks that this claim be dismissed without prejudice. (Dkt. No. 13 at 6–7). Requests for voluntary dismissal should be freely granted unless the non-moving party will suffer prejudice other than the prospect of a second lawsuit. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).

7

The Defendants do not dispute that Davis had the alleged infection.  While Davis's complaint fails to allege facts showing an Eighth Amendment violation, Davis's request for dismissal without prejudice to allow him to bring this claim at a later date if additional facts come to light is reasonable and will not cause the Defendants any undue prejudice.  This claim will be dismissed without prejudice.

### F.    QUALIFIED IMMUNITY

Finally, the individual Defendants argue that they are entitled to qualified immunity.  "The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law."  *Elder v. Holloway*, 510 U.S. 510, 512, 114 S.Ct. 1019, 1021, 127 L.Ed.2d 344 (1994).  The Fifth Circuit has held that, to overcome qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law *in the circumstances*."  *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (internal quotation marks and citation omitted) (emphasis in the original).

The constitutional duty of prison officials to provide adequate medical care to prisoners has been established for decades.  *See Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Taking Davis's allegations as true and liberally construing the complaint, Davis alleges that he was diagnosed with conditions that put him at risk of falling, requested assignment to a lower bunk based on these diagnoses, and Defendants Isbell and Lovell refused that request.  At this juncture, Isbell and Lovell have not established that they are entitled to qualified immunity.

## IV. MOTION TO STAY DISCOVERY

The Defendants filed a motion to stay discovery pending resolution of their motion to dismiss and their assertion of qualified immunity. As those issues are resolved in the Memorandum Opinion and Order, the motion to stay discovery is denied as moot.

## V. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Defendants' Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6) (Dkt. No. 10) is **GRANTED IN PART AND DENIED IN PART**;

2. Davis's claims against UTMB are all **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction;

3. Davis's claim regarding an infection from contaminated food and/or water is **DISMISSED WITHOUT PREJUDICE**;

4. Davis's claims against Defendant Adrian Amonett are **DISMISSED WITH PREJUDICE**;

5. The Defendants' Motion to Dismiss is **DENIED** as to Davis's Eighth Amendment claim against Defendants Wanda Isbell and Virginia Lovell; and

6. The Defendants' Motion to Stay Discovery (Dkt. No. 17) is **DENIED AS MOOT**.

It is SO ORDERED.

Signed on September 26, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**